GEORGE NASSAR *vs.* DISTRICT ATTORNEY FOR THE EASTERN DISTRICT & others.[1]
February 26, 2010. *Supreme Judicial Court*, Appeal from order of single justice, Superintendence of inferior courts.

George Nassar appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. In his petition, he made vague claims that, in connection with his conviction of murder in the first degree, see *Commonwealth* v. *Nassar*, 354 Mass. 249 (1968), cert. denied, 393 U.S. 1039 (1969), the Commonwealth withheld exculpatory evidence, and that, in connection with various postconviction matters, he suffered ineffective assistance of counsel. In this court, he has filed copies of the papers he filed in the county court, with a cover page entitled, "Sur Petition for Superintendence under MGL c. 211, s. 3." He "moves" that this court hear the petition he filed in the county court "on its original record." He further states that "such an on-the-record appeal serves judicial economy and sufficiency of adjudication in this incorporated by reference superintendence Remedy plea." It is not clear whether Nassar intends his submission to be an appellate brief or a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The ambiguity is of no consequence, however, because, based on our careful review of the record before us, including the arguments and supporting materials that Nassar presented to the county court, we conclude that the single justice neither abused his discretion nor otherwise erred in declining to exercise this court's extraordinary superintendence power. Issues concerning the withholding of exculpatory evidence and ineffective assistance of counsel are normally raised in a motion for a new trial, not in a petition pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*George Nassar*, pro se.

---

[1]The Commonwealth and the Attorney General.